IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLEN BROWN, JR.,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )       2:05cv680
                                     )       Judge Thomas M. Hardiman
R. JAMES NICHOLSON, et al.,          )
                                     )
            Defendants.              )

## MEMORANDUM OPINION

### I.     Introduction

Plaintiff Allen Brown, Jr. (Brown) brings this action pursuant to Section 301 of the Labor

Management Relations Act (LMRA), 29 U.S.C. §185, for breach of the duty of fair

representation.  While he worked at the Department of Veterans Affairs (VA), Brown was a

member of Defendant American Federation of Government Employees, Local 2028 (Local

2028).  At all relevant times, Defendant Leonard Coker (Coker) was a steward for Local 2028

and Defendant Charlotte Jackson (Jackson) was an officer of Local 2028.  The gravamen of

Brown's complaint is that Local 2028, Coker, and Jackson cost him his job by failing to appeal

the VA's decision to terminate Brown's employment.[1]

Defendants have filed motions to dismiss Plaintiff's complaint pursuant to Rule 12 of the

Federal Rules of Civil Procedure.  For the reasons that follow, the Court will grant the motions

and dismiss the case for lack of subject matter jurisdiction.

---

[1]     Plaintiff also sued the American Federation of Government Employees and American
Federation of Government Employees National Veterans Affairs Council of Locals.  Beyond naming
these parties as Defendants, however, Plaintiff does not allege any facts against them.  These Defendants,
along with Local 2028, Coker, and Jackson are collectively referenced herein as the Union Defendants.

## II.     Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

challenges the existence of subject matter jurisdiction.  In deciding a motion to dismiss for lack

of subject matter jurisdiction, the allegations of the complaint are construed in the light most

favorable to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Although the plaintiff

bears the burden of persuasion, *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d

Cir. 1991), courts should overlook a complaint's failure to rely on the appropriate jurisdictional

statutes and instead ascertain independently whether the complaint alleges a basis for subject

matter jurisdiction. *Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549, 552 (3d Cir. 1983) (citations

omitted).  Furthermore, the Court of Appeals has held that where the absence of subject matter

jurisdiction is apparent from the face of a complaint and amendment would be futile, dismissal

without leave to amend is proper. *See Miklavic v. USAir*, 21 F.3d 551, 557-58 (3d Cir. 1994).

## III.    Facts

On August 31, 2002, Plaintiff Brown was summoned to the front gate of his workplace at

the VA's H.J. Heinz Progressive Care Center by guards who were speaking with visitors who

had come to see Brown.  Upon arriving at the front gate, Brown alleges that the guards were

harassing his visitors and then arrested him.  In response to this incident, Brown spoke with

Coker and Jackson, both representatives of Local 2028, who assured him they would handle his

case.  Accordingly, on September 11, 2002, Brown executed a power of attorney in favor of

Local 2028.  The next day, September 12, 2002, the VA indicated that Brown's employment

would be terminated.

2

On September 16, 2002, Brown asked Coker to file a grievance on his behalf. On October 29, 2002, Brown and Coker appeared before the VA to contest the proposed termination, but Brown alleges that Coker failed to inform him of the need to bring witnesses to that meeting. The VA removed Brown from his position on November 15, 2002 and informed him that he had 30 days to appeal the removal to the Merit Systems Protection Board or grieve the removal through the union by way of the negotiated grievance procedures.

Brown alleges that Defendants Coker and Jackson, while assuring him that they would properly handle his case, allowed the 30-day appeal period to lapse, precluding him from challenging his removal. In addition, Brown claims that from December 2002 through November 2004, Coker and Jackson repeatedly misrepresented to him that they were pursuing his grievances through "arbitration" and were attempting to secure his reinstatement. In November of 2004, at the alleged insistence of the VA, an arbitrator held that pursuant to the operative collective bargaining agreement, Brown was procedurally barred from prosecuting his claim because Local 2028, Coker, and Jackson failed either to file a first-step grievance or properly invoke arbitration on Brown's behalf. Brown alleges that because of the malicious acts of Defendants, he is unemployed and has no hope of regaining employment.

**IV.    Analysis**

Brown argues that Section 301 of the LMRA, 29 U.S.C. §185, provides a cause of action for individuals against labor organizations that breach their duty of fair representation. Defendant Nicholson and the Union Defendants filed motions to dismiss for lack of subject matter jurisdiction.

3

### A.    Defendant Nicholson's Motion To Dismiss

Secretary Nicholson argues that the Federal Government is exempted from §185 actions

by the statutory definition of "employer."  Section 142 of Title 29 provides that "when used in

this chapter– . . .(3) The terms . . .  "employer", "employee", "labor organization" . . . shall have

the same meaning as when used in subchapter II of this chapter."  Subchapter II, in turn, states:

"When used in this subchapter– . . . (2) The term "employer" includes any person acting as an

agent of an employer, directly or indirectly, *but shall not include the United States or any wholly*

*owned Government corporation, or any Federal Reserve Bank, or any State or political*

*subdivision thereof . . . .* "  29 U.S.C. §152 (emphasis added).  By its explicit terms, §142 applies

the definition contained in §152 to the entire chapter, which includes §185. *See, e.g., Manfredi v.*

*Hazelton City Auth.,* 793 F.2d 101, 103 n.1 (3d Cir. 1986); *Crilly v. Southeastern Pennsylvania*

*Trasp. Auth.,* 529 F.2d 1355, 1357 n.4 (3d Cir. 1976); *Adams v. Suozzi*, 433 F.3d 220, 226 n.5

(2d Cir. 2005).

Section 185 involves "suits for violation of contracts between an employer and a labor

organization representing employees in an industry affecting commerce as defined in this

chapter."  29 U.S.C. §185(a).  Nicholson is being sued in his official capacity, as Secretary of

Veterans Affairs, because Brown was employed by the VA.  Brown's employer was a federal

agency, exempted from suit under §185 by the definition provided in §152(2).  Therefore, the

Court lacks jurisdiction over Plaintiff's claim against Defendant Nicholson.

Even assuming, *arguendo,* that there were no jurisdictional defect here, Nicholson argues

persuasively that he would be entitled to dismissal under Rule 12(c) of the Federal Rules of Civil

Procedure.  As Nicholson notes, Plaintiff's complaint is devoid of allegations of wrongdoing on

4

the part of Nicholson or the VA and is focused entirely on the failure of Local 2028, Coker, and Jackson to represent him fairly in connection with his employment dispute with the VA. Therefore, an independent reason exists for granting Nicholson's motion to dismiss pursuant to Rule 12(c).

## B.    Union Defendants' Motion to Dismiss

Like Secretary Nicholson, the Union Defendants cite the exemption of governmental entities found in §152(2) as a bar to jurisdiction in this case.  In addition, they note that §152(3), in its definition of the term "employee," specifically states that the term "shall not include any individual employed . . . by any other person who is not an employer as herein defined."  29 U.S.C. §153(3).  Thus, for the same reason the VA is excepted from the definition of "employer," Brown does not satisfy the definition of "employee."  Therefore, the Court lacks subject matter jurisdiction under 29 U.S.C. §185.

In addition, the Union Defendants argue that Plaintiff's cause of action is not one for violation of a contract between an employer and labor organization under §185, but rather, as stated in paragraph 8 of the complaint, a suit for "breach of the labor organization's duty of fair representation of the member/employee."  The Union Defendants further asserts that the Civil Service Reform Act (CSRA) does not create a private cause of action in federal court for suits alleging unfair labor practices.  In *Karahalios v. National Federation of Federal Employees, Local 1263,* 489 U.S. 527 (1989), the Supreme Court expressly refused to recognize such a private right of action:

> Title VII [of the CSRA] also makes it clear that a breach of the duty of fair representation is an unfair labor practice, for it provides that it is 'an unfair labor practice for a labor organization . . . to otherwise fail or refuse to

5

> comply with any provision of this chapter.' § 7116(b)(8).  Under § 7118, unfair labor practice complaints are adjudicated by the FLRA, which is authorized to order remedial action appropriate to carry out the purposes of Title VII, including an award of backpay against either the agency or the labor organization that has committed the unfair practice.  There is no express suggestion in Title VII that Congress intended to furnish a parallel remedy in a federal district court to enforce the duty of fair representation.

*Id.* at 1286.

In the instant case, because the conduct of which Brown complains would constitute an unfair labor practice, it falls exclusively within the CSRA's remedial scheme.  In the words of the Supreme Court: "[h]ad Congress intended the courts to enforce a federal employees union's duty of fair representation, we would expect to find some evidence of that intent in the statute or its legislative history. We find none." *Id.* at 1288.

In his brief in response to the Defendants' motions to dismiss, Brown argues that *Karahalios* does not require dismissal because the CSRA has been modified to permit federal employees to sue for unfair employment practices.  In support of this contention, Brown cites, *inter alia, O'Connor v. U.S.*, 308 F.3d 1233 (Fed. Cir. 2002) and *Mudge v. U.S.*, 308 F.3d 1220 (Fed. Cir. 2002).  The cases cited by Brown involve the CSRA amendment which allows for judicial determinations of grievances filed against an *employer* pursuant to the collective bargaining agreement.  Significantly, those amendments do not address the provisions of the CSRA that relate to the duty of fair representation, *see* 5 U.S.C. §§7116 and 7118.  Moreover, here Brown seeks a remedy under Section 301 of the LMRA, not the CSRA.  Accordingly, the motion to dismiss of the Union Defendants is proper.

6

## V.    Conclusion

In sum, because the Department of Veterans Affairs is not a qualified employer and Brown is not a qualified employee under 29 U.S.C. §185, the Court has no subject matter jurisdiction under that statute.  Furthermore, the Supreme Court has held that claims such as Brown's claim for breach of the duty of fair representation must be addressed by the remedial administrative scheme created by the CSRA, not in federal court.  Accordingly, Defendants' motions to dismiss will be granted.

An appropriate order follows.

_____
Thomas M. Hardiman
United States District Judge

March 13, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN BROWN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    2:05cv680 |
| | )    Judge Thomas M. Hardiman |
| R. JAMES NICHOLSON, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER OF COURT**

AND NOW, this _13th_ day of March, 2006, upon consideration of Defendants'

Motion to Dismiss (Doc. No. 2), (Doc. No. 8) and the response filed thereto (Doc. No. 10), it is

hereby

ORDERED that said Defendants' motions are GRANTED.

BY THE COURT:

Thomas M. Hardiman
United States District Judge

cc: All counsel of record

8